# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

MICHAEL K. HEDRICK and
MICHELE R. HEDRICK,

      Debtors.

Case No. 04-12150-RGM
(Chapter 13)

## MEMORANDUM OPINION

This case is before the court on the debtors' objection to the amended proof of claim of Fort Belvoir Federal Credit Union. The amended proof of claim is in the same principal amount as its original claim but adds postpetition interest and attorney's fees. The debtor objects to the postpetition interest and attorney's fees. For the reasons stated below, the objection will be sustained.

The debtors filed a joint petition in bankruptcy under chapter 7 of the Bankruptcy Code which they converted to a case under chapter 13. They scheduled their home which they owned as tenants by the entirety with the common-law right of survivorship on their amended schedules with a value of $275,000 and an outstanding lien of $218,602. The debtors' chapter 13 plan proposed to pay individual creditors of either debtor 10% of their claim and joint creditors 100% of their claim within six months by refinancing their home. The plan was confirmed.[1]

---

[1] The credit union objected to confirmation under Bankruptcy Code §1325(a)(4) asserting that because it held a joint claim against the debtor and the co-debtor and because there was ample equity in their home which was owned as tenants by the entirety, its claim should be paid in full. *In re Bunker*, 312 F.3d 145 (4th Cir. 2002); *Williams v. Peyton*, 104 F.3d 688 (4th Cir. 1997); *Sumy v. Schlossberg*, 777 F.2d 921 (4th Cir. 1985). The objection was unnecessary because the plan already provided for this treatment. The holder of the note secured by the deed of trust on the home also objected to confirmation asserting that the amount of its pre-petition arrears set out in the plan was a bit lower than the actual arrears. The debtors agreed to modify the reference to the amount claimed by the noteholder. They accomplished this by filing a modified plan which was later confirmed by the court. There were no other differences between the

1

Fort Belvoir Federal Credit Union financed the purchase of an automobile by the debtors. Both debtors were liable on the loan. Prior to the bankruptcy, the debtors defaulted. The vehicle was repossessed and sold. There was a deficiency balance due after the sale. The credit union filed a proof of claim for the joint deficiency claim of $5,693.47 as of the date of the filing of the case.

Three months after confirmation of the modified chapter 13 plan, the credit union filed an amended proof of claim increasing its claim by $2,430.97. It added postpetition interest and postpetition attorney's fees. It noted that interest continued to accrue at the rate of $1.03 a day and that its attorney's fees and costs also continued to accrue. The debtors objected to the addition of postpetition interest and attorney's fees in the amended proof of claim.

The credit union argues that its amended proof of claim is proper. It argues that a chapter 13 plan must pay unsecured creditors at least as much under the chapter 13 plan as they would receive if the case were a case under chapter 7. Bankruptcy Code §1325(a)(4). If this case were under chapter 7, joint unsecured creditors – but not individual unsecured creditors – would be paid in full together with interest because of the equity in the jointly owned home. Bankruptcy Code §726(a)(5). The credit union uses the contract rate of interest. It treats its postpetition attorney's fees the same as postpetition interest.

The proper starting point is Bankruptcy Code §502 which determines the amount of the claim. The claim is determined as of the date of the filing of the petition. Bankruptcy Code §505(b). Unmatured interest is specifically disallowed. Bankruptcy Code §505(b)(2). The statute is explicit that postpetition interest, attorney's fees and other costs are not a part of the claim and must be disallowed. There is an exception for oversecured creditors. If the value of the collateral is greater

---

original plan and the modified plan. The credit union did not object to the modified plan.

than the claim after application of §506(c), then interest, reasonable fees, costs and other charges provided for under the agreement under which the claim arose are also allowed and are a part of the claim. Bankruptcy Code §506(b). *United Savings Assn. of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365 (1988); *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235 (1989). The credit union is not a secured creditor and §506 has no application in this case.

Even though the proper allowed claim is the original claim filed by the credit union, the credit union may actually be paid more than its allowed claim if the estate is a solvent estate. The court "shall confirm" a chapter 13 plan if all of the requirements of §1325(a) are satisfied and, if the trustee or an unsecured creditor objects, the requirements of §1325(b) are also satisfied. One requirement is that the distribution to unsecured creditors must be at least as much as they would have received had the case been a chapter 7 case. Bankruptcy Code §1325(a)(4). The provision for interest on allowed claims in solvent estates is a part of this calculation. *Beguelin v. Volcano Vision, Inc. (In re Beguelin),* 220 B.R. 94, 98 (BAP 9th Cir. 1998). The interest rate, though, is the federal judgment rate, not the contract rate of the applicable state judgment rate. *Id.* at 99-101. There is no provision for attorney's fees, other reasonable fees, costs or charges provided for under the agreement under which the claim arose. *Cf.* Bankruptcy Code §§506(b) and 726(a)(5).

The credit union's first proof of claim is the proper proof of claim. The allowed claim of an unsecured creditor in a solvent estate is the same as in an insolvent estate. It is determined as of the date of the filing of the petition and does not include postpetition interest, attorney's fees, costs or other contractual charges. The objection to the amended proof of claim is well taken and will be sustained. The amended proof of claim will be disallowed and the original proof of claim will be the allowed claim of the credit union.

What happened to postpetition interest in solvent estates? Postpetition interest in a solvent estate is not part of an allowed claim but is paid in addition to the allowed claim. In chapter 7, the chapter 7 trustee includes the postpetition interest, computed at the federal judgment rate, in the distribution he makes to the creditors. The interest is computed based on the allowed claim.[2] Bankruptcy Code §726(a)(5). In a chapter 13 case, the terms of the confirmed plan control and the provision for interest on claims must be part of the chapter 13 plan. In chapter 13, the "provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." Bankruptcy Code §1327. The chapter 13 trustee distributes funds to creditors in accordance with the confirmed chapter 13 plan and not otherwise. Bankruptcy Code §1326(c). Thus, if the terms of the confirmed plan include postpetition interest, the chapter 13 trustee will pay postpetition interest as provided in the plan. If the plan does not provide for postpetition interest, the chapter 13 trustee may not pay postpetition interest. He must follow the terms of the confirmed chapter 13 plan.

In this case the chapter 13 trustee is ready to make his final distribution and will include postpetition interest on all unsecured joint claims only if it is provided in the plan. The confirmed plan contains no such provision. The plan states, "The total amount to be paid into the plan is the amount needed to pay 100% of all [joint] claims." Chapter 13 Plan, ¶A-3. In paragraph A-4 it reiterates that joint unsecured creditors "will be paid 100%." In paragraph B-10(h) it again provides

---

[2]The interest is not part of the allowed claim. Sections 726(a)(1) through (a)(4) all start with the phrase substantially in the form of "in payment of *claims*." *See* Bankruptcy Code §726(a)(1) ("in payment of claims"); §726(a)(2) ("in payment of any allowed unsecured claim"); §726(a)(3) ("in payment of any allowed unsecured claim"); and §726(a)(4) ("in payment of any allowed claim"). Section 726(a)(5) is distinctly different. It states, "in payment of interest . . . on any claim paid under paragraphs (1), (2), (3), or (4)."

4

that joint unsecured claims "will be paid 100%." Nowhere does the plan provide for the payment of the claim and interest. This is in clear distinction to the express provision for payment of interest to secured creditors on their claims. Plan ¶B-5(a). *See United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989). This is consistent with the distinction in the Bankruptcy Code itself between the amount of the allowed claim and postpetition interest to be paid on allowed claims in solvent estates. The court concludes that the proper construction of this chapter 13 plan is that the allowed joint unsecured claims will be paid 100% of the amount of the allowed joint unsecured claim without interest.

Had the matter been brought to the court's attention at the confirmation hearing, the plan would not have been confirmed without a provision for payment of postpetition interest on allowed joint unsecured claims. It was not and the plan was confirmed.[3] Confirmation orders are final orders and are binding on the parties. Bankruptcy Code §1327(a). *See First Union Commer. Corp. v. Nelson, Mullins, Riley & Scarborough*, 81 F.3d 1310, 1315 (4th Cir. 1996) (holding that a bankruptcy court's order of confirmation is treated as a final judgment with res judicata effect). *Cf. Cen-Pen Corp. v. Hanson*, 58 F.3d 89, 93 (4th Cir. 1995) ("Because confirmation of a Chapter 13 plan is res judicata only as to issues that can be raised in the less formal procedure for contested matters . . . confirmation generally cannot have preclusive effect as to the validity of a lien, which must be resolved in an adversary proceeding."). In this case, the amount for postpetition interest is not significant, but in other cases it is not difficult to envision a debtor who has almost completed

---

[3] The credit union's objection reached only the issue of payment of 100% of its claim. It did not raise the issue of interest. The objection stated: "The plan should pay Ft. Belvoir FCU the amount Ft. Belvoir FCU would receive in a Chapter 7 case. See 11 U.S.C. § 1325(a)(4). In a Chapter 7 case, Ft. Belvoir FCU would receive 100% of its claim, because the claim is for a joint debt, which is payable from the equity in the jointly held Property." Objection, ¶6. The objection was precautionary because of language in the plan that could have been interpreted that the credit union would only be paid 72% of its allowed claim. That was not the intent of the plan and was clarified at the confirmation hearing.

a significant chapter 13 plan being adversely affected by a late assertion of postpetition interest not otherwise provided in the chapter 13 plan, perhaps to the extent of creating an inability to complete the plan. The confirmed chapter 13 plan establishes the goals that the debtor must reach to complete his plan and receive his discharge. The established goals cannot be changed in this fashion near the end of the effort.

The credit union's first proof of claim was the proper proof of claim. Postpetition interest is not part of an allowed proof of claim but is payable in solvent estates in a chapter 7 case under Bankruptcy Code §726(a)(5) and in a chapter 13 case pursuant to a confirmed plan, if provided in the chapter 13 plan. Here, there was no such provision in the confirmed chapter 13 plan. There is no provision in the Bankruptcy Code for the payment of postpetition attorney's fees, costs or other charges to unsecured creditors. The inclusion of these items in the amended proof of claim was improper in any event. The amended proof of claim will be disallowed.

Alexandria, Virginia
January 27, 2006

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

copies to:

Nancy O. Ryan
William R. Feldman
Gerald M. O'Donnell

12663